(18 Misc. Rep. 473.)

### SHAPIRO v. JACOVES.

(Supreme Court, Appellate Term, First Department. November 25, 1896.)

SALES—RIGHTS OF SELLER—ERROR IN BILL RENDERED.

A seller is not bound by an error in a bill rendered to the buyer, but may recover the price of the goods sold, though in excess of the amount of the bill.

Appeal from Fifth district court.

Action by Moris Shapiro against Jacob Jacoves for conversion of certain tailor's cloths, part of lots delivered the defendant on his agreement to pay for or return them. From a judgment in favor of plaintiff for $191.52 damages, besides costs, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Jacob Manheim, for appellant.

Moses H. Grossman, Michael Schapp, and Friend, House & Grossman, for respondent.

DALY, P. J. The terms upon which the defendant received the goods from the plaintiff were disputed, but the justice has found in favor of the plaintiff's version of the transaction, upon sufficient testimony, and there is no preponderance the other way in favor

of the defendant. We therefore cannot disturb the finding of fact in that respect, and we are to assume that the defendant agreed to return, upon demand, such of the goods as were not sold. A demand was made upon him at the time that he still had in his possession certain of the goods. What the amount and value of those goods were, whether the plaintiff received them upon such demand, or whether the defendant withheld them, were also questions of fact, which have been determined, upon conflicting evidence, in plaintiff's favor. The plaintiff swore that the value of the goods not returned was $191.52. Much stress was laid by the defendant upon the fact that the plaintiff rendered two bills, showing the balance due him to be $162.76, and also upon the fact that in the bill of particulars a credit of $191.40 is allowed for goods returned, instead of for cash paid, in accordance with the facts. The plaintiff was not concluded by any error in the bills rendered, and has not recovered for any greater amount than the limit of his bill of particulars. It was objected that he did not specify the goods which he demanded, and which he alleged to have been converted; but it appears that the balance for which judgment was allowed represented the value of the goods which were not returned, although the specific items of such goods were not given. As they consisted of small pieces and remnants, it would be difficult, if not impossible, for the plaintiff to show, with particularity, what remnants and pieces the defendant had on hand at the time of the demand. He did show the total value of the consignments, the amount of cash received as payments, the value of the goods allowed for as returned, and that the balance represented the value of the goods not accounted for. It was within defendant's power, as he had possession of the goods, and knew what he had sold, and what he had on hand, to have shown what the plaintiff was entitled to reclaim; and, as he did not do so by satisfactory proof, he cannot complain of the finding against him.

Judgment affirmed, with costs. All concur.